**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROLLIN DYE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:17-cv-08828 |
| | ) | Honorable Matthew F. Kennelly |
| v. | ) ) | |
| FORD MOTOR COMPANY, | ) ) | |
| Defendant. | ) ) | |

**JOINT MOTION FOR APPROVAL OF
INDIVIDUAL SETTLEMENT**

Plaintiff Rollin Dye ("Plaintiff"), by and through his attorneys, and Defendant Ford Motor Company ("Defendant"), by and through its attorneys (jointly referred to herein as "the Parties"), hereby jointly request that this Court approve the individual settlement of Plaintiff's claims in this case, and state as follows:

1. This case involves certain wage and hour claims made by the Plaintiff, including claims made under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiff is a former employee of Defendant and was classified as an engineering specialist.

2. On December 7, 2017 Plaintiff filed a Complaint asserting allegations under the FLSA and Illinois law, seeking alleged unpaid overtime arising during his employment with Defendant. Plaintiff asserted such FLSA claims on behalf of himself and those "similarly situated" and asserted the state law claims on an individual basis. No motion for certification under the FLSA (conditional or otherwise) has been filed in this case to date, and thus, Plaintiff is the only plaintiff party in the case.

3. On August 29, 2018, the Parties participated in a mediation and reached an agreement in principle to resolve Plaintiff's claims. The Parties have since been working to complete the paperwork to effectuate settlement.

4. The Parties recently completed their comprehensive Settlement Agreement, which has been agreed to by Plaintiff and Defendant. The Parties are obtaining signatures to the agreement and will have completed signature pages by the October 18 status hearing. The Parties have thus reached a final and comprehensive resolution of their *bona fide* dispute on the individual claims here.

5. The settlement reached by the Parties represents a fair, just and reasonable resolution of Plaintiff's claims under the FLSA and any remaining disputes between the Parties. Pursuant to the Court's direction at the 9/5/18 telephonic status hearing, the Parties will submit their confidential Settlement Agreement to Judge Kennelly contemporaneously, via email, for *in camera* review.

6. The Parties submit the Settlement Agreement to the Court for review and approval pursuant to the FLSA. See *Osorio v. The Tile Shop, LLC*, Case No. 1:15-cv-00015 at Doc. 239 (N.D. Illinois, Kennelly, J.)(approving individual settlement of FLSA claims); *Briggs v. PNC Financial Services Group, Inc.*, 2016 WL 7018566 at *1 (N.D. Ill. 2016)(order approving settlement); see also *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)(compromise of FLSA claims must be supervised by Department of Labor or reviewed by a court).

7. The settlement reached between Plaintiff and Defendant, with respect to Plaintiff's claims under the FLSA, was reached as a result of a contested, *bona fide* dispute, and represents a fair and reasonable compromise over the contested issues. The settlement was the

result of arms length negotiations occurring after considerable discovery and investigation performed in this proceeding. Defendant disputes liability on each and every claim and asserts that its actions in completing this settlement do not constitute any admission of liability or wrongdoing. However, the terms of the settlement are acceptable to Plaintiff and Defendant, and the settlement merits approval. *Lynn's Food Stores*, 679 F. 2d at 1355 (courts approve FLSA settlements when they are a "fair and reasonable resolution of a bona fide dispute over FLSA provisions.")

8. The settlement has been approved and accepted by Plaintiff, after having a reasonable period of time to consider the settlement terms, and Plaintiff is represented by counsel experienced in these types of matters. Plaintiff has had an appropriate opportunity to consider this settlement and has entered into the Settlement Agreement voluntarily and knowingly.

9. The Parties dispute whether any liability exists in the instant action. Nevertheless, the Parties agree that the Settlement Agreement is in their best interests because it enables the Plaintiff to recover certain compensation, without the necessity or delay of trial, and allows the Parties to avoid the uncertainties, risk and expense associated with further litigation.

10. Pursuant to the Settlement Agreement, Plaintiff's claims against Defendant would be released and dismissed with prejudice, following the effective date of and payments under such agreement.

WHEREFORE, for the foregoing reasons, the Parties jointly and respectfully request that the Court approve the Parties' Settlement Agreement. A proposed order will be submitted, if the Court so requests at the October 18 status.

| WE SO MOVE | WE SO MOVE |
|---|---|
| s/ Kathleen M. Nemechek | s/ Andrew H. Haber |
| Kathleen M. Nemechek, N.D. Ill. No. 50139 | Dennis R. Favaro, IL No. 6193849 |
| Jocelyn Villanueva (pro hac vice) | Andrew H. Haber, IL No. 6198412 |
| BERKOWITZ OLIVER LLP | Max Barack, IL No. 6312302 |
| 2600 Grand Boulevard, Suite 1200 | FAVARO & GORMAN, LTD. |
| Kansas City, Missouri 64108 | 835 Sterling Avenue, Suite 100 |
| Telephone: (816) 561-7007 | Palatine, Illinois 60067 |
| | Telephone: (847) 934-0060 |
| Eugene Scalia (admitted *pro hac vice*) | |
| Molly Senger (admitted *pro hac vice*) | *Counsel for Plaintiff* |
| GIBSON, DUNN & CRUTCHER LLP | |
| 1050 Connecticut Avenue, N.W. | |
| Washington, D.C. 20036 | |
| Telephone: (202) 955-8500 | |

Karen Kies DeGrand
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, Illinois 60603
Telephone: (312) 422-0900
*Counsel for Defendant Ford Motor Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of October 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which provided electronic service upon:

    Dennis R. Favaro
    *dfavaro@favarogorman.com*
    Andrew H. Haber
    *ahaber@favarogorman.com*
    Max Barack
    *mbarack@favarogorman.com*
    Favaro & Gorman, Ltd.
    835 Sterling Avenue, Suite 100
    Palatine, Illinois 60067
    *Counsel for Plaintiffs*

    /s/ Kathleen M. Nemechek
    *Counsel for Defendant Ford Motor Company*